IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
March 03, 2021
ST-2017-CV-00284
TAMARA CHARLES
CLERK OF THE COURT

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN
*************

| | | |
|---|---|---|
| IRIS SACKSTEIN and STUART SACKSTEIN, | ) ) ) | CASE NO. ST-2017-CV-00284 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | ACTION FOR BREACH OF CONTRACT, DECLARATORY JUDGMENT, INJUNCTIVE RELIEF |
| WATERGATE VILLAS WEST d/b/a SEA CLIFF VILLAS, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

Cite as: 2021 VI Super 26U

## <u>MEMORANDUM OPINION AND ORDER</u>

¶1    Before the Court are:

1. Motion to Compel Discovery Responses ("First Motion to Compel"), which was filed on March 2, 2018;
2. Response to Plaintiff's Motion to Compel, which was filed on March 19, 2018;
3. Second Motion to Compel, which was filed on April 20, 2018;
4. Opposition to Plaintiffs' Second Motion to Compel, which filed on May 7, 2018;
5. Reply to Opposition to Second Motion to Compel, which was filed on June 4, 2018;
6. Application for Attorney's Fees and Costs ("First Motion for Fees"), which was filed on July 25, 2018;
7. Application for Attorney's Fees and Costs ("Second Motion for Fees"), which was filed on August 2, 2018;
8. Opposition to Plaintiffs' Application for Attorney's Fees and Costs, which was filed on August 14, 2018; and
9. Reply to Defendant's Opposition to Plaintiffs' Application for Attorney's Fees and Costs, which was filed on September 5, 2018.

¶2    For the reasons stated below, the Court will only address the Second Motion for Fees. Additionally, the Court will grant the Second Motion for Fees in part and award the Plaintiffs One Thousand Dollars ($1,000.00) in fees.

### I.    BACKGROUND

¶3    On June 27, 2017, Plaintiffs Iris Sackstein and Stuart Sackstein (collectively referred to hereinafter as the "Sacksteins") filed a Verified Complaint against Watergate Villas West d/b/a Sea Cliff Villas ("Sea Cliff Villas"). The Verified Complaint alleges, in part, that Sea Cliff Villas has failed to:

comply with the Bylaws and other applicable instruments, in that [Sea Cliff Villas has] failed to provide the complete information required by the Bylaws, and [Sacksteins], as unit owners, cannot determine how, where, and when their condo association fees, special assessments, monthly assessments, and other charges are being applied because of Defendant's failures to comply with the Bylaws; or whether the charges are being properly applied.[1]

¶4     On December 11, 2017, the Sacksteins propounded their First Request for Production of Documents.[2]  Having not received the responses in thirty (30) days as required, the Sacksteins served a demand letter on counsel for Sea Cliff Villas on January 19, 2018.[3]  On January 24, 2018, the parties met and conferred in person and counsel for Sea Cliff Villas agreed to provide the responses by February 15, 2018.  On February 21, 2018, Sea Cliff Villas' responded to the First Request for Production of Documents.[4]  On March 2, 2018, and before receiving Sea Cliff Villas' responses, the Sacksteins filed their first Motion to Compel Discovery.[5]

¶5     On March 23, 2018, the Sacksteins served their second demand letter on Sea Cliff Villas' counsel.[6]  On April 20, 2018, the Sacksteins filed their Second Motion to Compel.  In the Second Motion to Compel, the Sacksteins argue that Sea Cliff Villas' "responses are woefully incomplete and intentionally evasive" and that Sea Cliff Villas only produced two (2) pages of documents in response to seventy-five (75) separate requests for production.[7]

¶6     On July 5, 2018, this matter came on for a post mediation status conference.  The Court, from the bench, granted the Second Motion to Compel and ordered Sea Cliff Villas to supplement its responses to the First Request for Production of Documents in accordance with V.I. R. CIV. P. 26(a).

¶7     On July 25, 2018, the Sacksteins filed their First Motion for Fees.  On August 2, 2018, the Sacksteins filed their Second Motion for Fees.  On August 14, 2018, Sea Cliff Villas filed its Opposition to Plaintiffs' Application for Attorney's Fees and Costs.  On September 7, 2018, Sea Cliff Villas filed Notice of Service of Defendant Watergate Villas West d/b/a Sea Cliff Villas' Supplemental Responses to Plaintiff's Request for Production of Documents to Defendant.  On November 2, 2018, Sea Cliff Villas filed Notice of Service of Defendant Watergate Villas West d/b/a Sea Cliff Villas' Second Supplemental Responses to Plaintiff's Request for Production of Documents to Defendant.

---

[1] Verified Compl. ¶ 21.

[2] Notice of Serv. of Pls. Iris Sackstein and Stuart Sackstein's First Req. for Produc. of Docs., Dec. 11, 2017.

[3] V.I. R. CIV. P. 37.

[4] Notice of Serv. of Def. Watergate Villas West d/b/a Sea Cliff Villas' Resp. to Pl.'s Req. for Produc. of Docs. to Def., Feb. 21, 2018.

[5] "On March 5, 2018, [the Sacksteins] finally received discovery responses from [Sea Cliff Villas] dated Feb. 21, 2018, or twelve days prior to receipt." Second Mot. to Compel.

[6] Second Mot. to Compel, Ex. C.

[7] Second Mot. to Compel, 2.

*Sackstein et al. v. Watergate Villas West d/b/a Sea Cliff Villas*
Case No. ST-2017-CV-00284
Memorandum Opinion and Order
Page 3 of 6

2021 VI Super 26U

¶8      The First Motion for Fees and the Second Motion for Fees contain exact arguments. To avoid redundancy, the Court will only address, the recently filed, Second Motion for Fees. In the Second Motion for Fees, the Sacksteins argue that they are entitled to Five Thousand Dollars ($5,000.00) in an award for attorney's fees and costs associated with the filing of the First Motion to Compel and the Second Motion to Compel.[8]

## II.     LEGAL STANDARD

¶9      Pursuant to V.I. R. Civ. P. 37(a)(5)(A):

> If a motion to compel is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

## III.     ANALYSIS

### A.     The Court will deny the First Motion to Compel as Moot.

¶10     The Court will deny the First Motion to Compel as moot. Given that the parties filed the Second Motion to Compel, which is compelling the production of the same documents as the First Motion to Compel, the Court is without reason to address both motions. On July 5, 2018, the Court granted the Second Motion to Compel and ordered Sea Cliff Villas to supplement their responses to the First Request for Production of Documents. Thus, the Court will next address the motion for attorney's fees.

### B.     The Court will only address the Second Motion for Fees.

¶11     The Sacksteins seek an award of attorney's fees and costs associated with the filing of both the First Motion to Compel and the Second Motion to Compel. The Sacksteins argue that "[a]n award of attorney's fees and costs is especially appropriate here, where the [Sacksteins], as unit owners, are essentially funding both sides of the litigation through payment of association fees, charges, and assessment."[9]

---

[8] Appl. for Attorney's Fees and Costs, July 25, 2018.

[9] Appl. for Attorney's Fees and Costs, Aug. 2, 2018. The Court must note that the itemized charges of services attached to the Application for Attorney's Fees and Costs only equate to Three Thousand Nine Hundred Dollars ($3,900.00).

In its opposition, Sea Cliff Villas avers that it would be unjust to award the Sacksteins attorney's fees and costs associated with the filing of the Second Motion to Compel because the Sacksteins failed to make the necessary arrangements for a discovery conference in accordance with V.I. R. Civ. P. 37 – 1(c)(1). Sea Cliff Villas further argues that under V.I. R. Civ. P. 26(b)(2)(D), it was not required to produce documents already provided to the Sacksteins. Therefore, the Sacksteins should not be entitled to fees for the filing of the Motions to Compel.

### 1. The Court will not award fees associated with the filing of the First Motion to Compel.

¶12     The Court finds that an award of fees associated with the filing of the First Motion to Compel is unjust.[10] As explained above, the Court will deny the First Motion to Compel as moot. While the documents were provided after the deadline agreed upon by the parties at the meet and confer, the Certificate of Service states that the documents were served on February 21, 2018. Sea Cliff Villas provided the documents before the First Motion to Compel was filed. Furthermore, V.I. R. Civ. P. 37(a)(5) neither provides – nor do the Sacksteins offer – any basis that would make an award of fees just under these circumstances. Accordingly, the Court will deny in part the Second Motion for Fees to the extent it moves the Court for reasonable expenses incurred in the making of the First Motion to Compel.[11]

### 2. The Court will award fees associated with the filing of the Second Motion to Compel.

¶13     Sea Cliff Villas argues that the Sacksteins failed to arrange a meet and confer prior to filing the Second Motion to Compel. V.I. R. Civ. P. 37 – 1 mandates the party requesting resolution of a discovery dispute to serve a letter on other counsel and make any necessary arrangements for a conference. In this circumstance, the Court finds that the January 24, 2018 meet and confer was satisfactory and that the parties need not meet and confer again regarding the production of the same documents.[12]

¶14     Here, the Sacksteins' counsel served the second demand letter on March 23, 2018, regarding the same discovery annotated in the January 19, 2018 demand letter. In the March 23, 2018 demand letter, the Sacksteins only sought supplementation of the production of documents that were not responsive. The Sacksteins did not seek additional discovery. Accordingly, the Court finds the Sacksteins did not need to arrange a formal conference regarding the same discovery.

---

[10] V.I. R. Civ. P. 37(a)(5)(A)(iii).

[11] V.I. R. Civ. P. 37(a)(5)(A).

[12] *Abdallah v. Abdel-Rahman*, Super. Ct. Civ. No. ST-13-CV-227, 2015 WL 5440341, at *4 (V.I. Super. Ct. Sept. 8, 2015) (unpublished) ( "While arranging a second formal meet and confer conference with Plaintiff would have been unnecessary if the February 5, 2015, meeting was a proper meet and confer, here Attorney Rich filed a Second Amended Request for Production, including new and additional documents, and failed to arrange for a formal meet and confer regarding the Second Amended Request").

*Sackstein et al. v. Watergate Villas West d/b/a Sea Cliff Villas*
Case No. ST-2017-CV-00284
Memorandum Opinion and Order
Page 5 of 6

2021 VI Super 26U

¶15 Since the Second Motion to Compel will be granted, the Court must determine whether an award of attorney's fees and costs is appropriate. In determining the reasonableness of attorney's fees and costs, the Court must calculate the lodestar amount.[13] The lodestar amount is established "by determining the number of hours worked by counsel and the value of his services."[14] To determine the reasonableness of the lodestar amount, the Court considers factors such as: (1) the time and labor required; (2) the novelty and difficulty of the issues involved; (3) the level of skill needed to properly conduct the case; (4) the customary charges of the bar for similar services; (5) the amount involved in the controversy; (6) the benefits resulting to the client from the services; and (7) the contingency of compensation.[15]

¶16 The Court finds that other circumstances make an award of $5,000.00 in fees unjust.[16] First, the Sacksteins' counsel, Attorney Matthew Reinhardt, submitted an itemized application totaling only $3,900.00 in fees incurred as a result of filing both the First Motion to Compel and Second Motion to Compel. Second, the Sacksteins' Second Motion to Compel, consisting of two pages, is not sufficiently detailed for the Court to discern which charges for services were specifically incurred as a result of the Second Motion to Compel.[17] Third, the Court will exclude time entries that are either vague or unclear as to which Motion to Compel they apply.[18] Finally, the Court will exclude time entries that are not incurred for the "making of the motion [to compel]."[19]

¶17 However, in reviewing the itemization submitted by Attorney Reinhardt, the Court finds that the only applicable fees and costs related to the filing of the Second Motion to Compel is: 6/4/18 – Prepare and file Reply to Opposition to Second Motion to Compel.

¶18 Considering "the amount of . . . fees to be awarded to the prevailing party [pursuant to 5 V.I.C. § 541] is intended to be an indemnification for a fair and reasonable portion . . . and not for the whole amount charged by the attorney," the Court will reduce the lodestar accordingly.[20] The Court finds that the hourly rate of Two-Hundred Fifty Dollars ($250.00) charged by Attorney Reinhardt for legal services is fair and reasonable.[21] Moreover, the Court finds that the 4.00 hours expended for replying to the Second Motion to Compel is reasonable, as such topic is neither novel

---

[13] *Guardian Ins. Co. v. Estate of Knight-David*, Super. Ct. Civ. No. ST-08-CV-189, 2015 WL 5782098, at *7 (V.I. Super. Ct. Sept. 30, 2015) (unpublished) ("'While Plaintiff is not a 'prevailing party' under 5 V.I.C. § 541, the Court is guided by Virgin Islands jurisprudence calculating the 'lodestar[.]'") (citations omitted).

[14] *Isaac v. Crichlow*, Super. Ct. Civ. No. SX-12-CV-065, 2016 V.I. LEXIS 145, *1 (V.I. Super. Ct. Sept. 29, 2016) (unpublished).

[15] *Id.*

[16] V.I. R. Civ. P. 37(a)(5)(A)(iii).

[17] *Id.*

[18] *Chapa v. Sepe*, Super. Ct. Civ. No. ST-12-CV-504, 2013 WL 8609242, at *1\2 (V.I. Super. Ct. June 3, 2013) (unpublished). The Court excluded: 2/20/2018 (MR5 – .20 hours); 3/02/2018 (MR5 – 1.50 hours); 3/15/18 (MR5 – 2.00 hours); 3/22/2018 (MR5 – 3.50 hours); 4/12/18 (MR5 – 2.00 hours).

[19] V.I. R. Civ. P. 37(a)(5)(A).

[20] *Chapa*, 2013 WL 8609242, at *2.

[21] *Isaac*, 2016 WL 5468371, at *3.

nor complex.[22] Thus, the Court will award the Sacksteins $1,000.00 in fees incurred for 4.00 hours of legal services.

Accordingly, it is hereby

**ORDERED** that the Motion to Compel Discovery Responses, filed on March 2, 2018, is **DENIED as moot**; and it is further

**ORDERED** that the Second Motion to Compel, filed on April 20, 2018, is **GRANTED**; and it is further

**ORDERED** that attorney's fees in the amount of **One Thousand and 00/100 Dollars ($1,000.00)** are awarded in favor of Plaintiffs Iris Sackstein and Stuart Sackstein and against Defendant Watergate Villas West d/b/a Sea Cliff Villas; and it is further

**ORDERED** that the Application for Attorney's Fees and Costs, filed on July 25, 2018, is **DENIED as moot** because the Court addressed Plaintiffs' identical Application for Attorney's Fees and Costs filed on August 2, 2018; and it is further

**ORDERED** that the Application for Attorney's Fees and Costs, filed on August 2, 2018, is **GRANTED** to the extent it requests fees associated with the filing of the Second Motion to Compel filed on April 20, 2018; and it is further

**ORDERED** that the Application for Attorney's Fees and Costs, filed on August 2, 2018, is **DENIED** to the extent it requests an award of fees associated with the filing of the Motion to Compel Discovery Responses filed on March 2, 2018; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.[23]

DATED: 3/3/2021

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

By: _____
**LORI BOYNES**
Chief Deputy Clerk 3/4/2021

---

[22] *Id.* at *2.

[23] Plaintiffs are represented by Ryan C. Meade and Matthew Reinhardt, Esquires (Quintairos, Prieto, Wood & Boyer, P.A.), and Defendant is represented by Richard P. Farrelly, Esquire (Birch, de Jongh & Hindels, PLLC).